IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAMION KENTRELL WHITE, )<br>  ID # 47819-177, )<br>    Movant, )<br> )<br>vs. )<br> )<br>UNITED STATES OF AMERICA, )<br>    Respondent. ) | <br><br><br>No. 3:18-CV-2561-N-BH<br>No. 3:14-CR-78-N(2)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 25, 2018 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice. The movant's letter request to expedite review of his case, received on December 10, 2020 (doc. 22), should be **DENIED AS MOOT**.

### I.   BACKGROUND

Damion Kentrell White (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-78-N(2). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

After originally being charged by indictment, Movant was charged by superseding information with use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(2) and (B) (Count One), and illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 922(a)(1)(D) (Count Two). (*See*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

docs. 1, 42, 63.)[2]  The predicate crime of violence under Count One was sex trafficking by force, fraud, or coercion of the victim to further the unlawful activity of a business involving prostitution in violation of 18 U.S.C. § 1591(a)(1).  (*See* doc. 63 at 1.)[3]  He pled guilty to both counts of the superseding information on March 10, 2015, under a plea agreement.  (*See* docs. 68, 78.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See* doc. 68 at 1.)  He agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2; doc. 66.)  The plea agreement set out the range of punishment for each count, and Movant understood that the court had sole discretion to impose the sentence.  (*See* doc. 68 at 2-3.)  He had reviewed all legal aspects of the case with counsel and believed that it was in his best interest to plead guilty.  (*See id.* at 6-7.)  The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement.  (*See id.* at 6.)  He waived his right to appeal and to contest his conviction and sentence in any collateral proceeding, except that he reserved his right to: (1) bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing; (2) challenge the voluntariness of his guilty plea or his waiver; and (3) bring a claim of ineffective assistance of counsel.  (*See id.* at 6.)  In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea.  (*See id.* at 5.)  It also agreed to file a routine supplement to the plea agreement, even though there might

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-78-N(2).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

not be additional terms. (*See id.*) In the supplement to the plea agreement, the parties agreed there were no additional terms to the plea agreement. (*See* doc. 69.)

At his rearraignment on March 10, 2015, Movant acknowledged under oath that he had read his factual resume, that the facts in the factual resume were true, and that he committed all of the essential elements for both of the charged counts. (*See* doc. 286 at 9-10, 15-16.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was voluntarily waiving his right to appeal or otherwise challenge his sentence under the habeas corpus provisions, except in the limited circumstances of bringing a direct appeal of a sentence exceeding the statutory maximum or arithmetic errors during sentencing, challenging the voluntariness of his guilty plea or the waiver, and bringing a claim of ineffective assistance of counsel. (*See id.* at 14-15.) Movant pled guilty to both counts, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 15-16.)

On May 8, 2015, the United States Probation Office (USPO) filed a Presentence Investigation Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual. (*See* doc. 94-1 at ¶ 35.) The PSR calculated an adjusted offense level of 38 on Count One and 12 on Count Two. (*See id.* at ¶¶ 43, 49.) The combined adjusted offense level was 38, the greater of the two adjusted offense levels. (*See id.* at ¶¶ 51, 53.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. (*See id.* at ¶ 57.) Based on a total offense level of 35 and a criminal history category of one, the resulting guideline range was 168-210 months' imprisonment. (*See id.* at ¶ 84.) In response to objections by the parties, the USPO submitted two subsequent addenda to the PSR, neither of which affected the total offense level or guideline range. (*See* docs. 97-1, 110-1.)

On July 23, 2015, Movant moved to withdraw his guilty plea, claiming ineffective

assistance of counsel and improper influence by the Court, he submitted an affidavit in connection with his motion. (*See* docs. 115, 124.) The Court denied his motion on September 8, 2015, finding that Movant failed to meet his burden to establish that a withdrawal of his plea would be fair and just. (*See* doc. 125.) The USPO submitted a third addendum to the PSR on September 18, 2015, in which it removed the deduction for acceptance of responsibility based on Movant's claims in his motion to withdraw his guilty plea and the related affidavit. (*See* doc. 134-1.) The removal of the three-level deduction resulted in a total offense level of 38. (*See id.* at ¶¶ 53, 57.) Based on an offense level of 38 and a criminal history category of one, Movant's new guideline range was 235-293 months. (*See id.* at ¶ 84.) The USPO filed a fourth addendum to the PSR, in which it made corrections to the PSR that did not alter the total offense level or guideline range. (*See* doc. 175-1.) A fifth addendum addressed two objections re-filed by Movant but maintained that the PSR's calculations under the sentencing guidelines were correct. (*See* doc. 273-1.)

At the sentencing hearing on November 7, 2016, the Court overruled Movant's objections to the PSR and its addenda and adopted their factual contents. (*See* doc. 289 at 7.) By judgment dated November 10, 2016, Movant was sentenced to concurrent sentences of 240 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to be followed by a two-year term of supervised release. (*See* doc. 276 at 1-3; doc. 289 at 7.) On direct appeal, Movant argued that his conduct did not constitute a crime of violence for purposes of his 240-month sentence for violation of § 1952(a)(2) based on the predicate offense of sex trafficking of children or by force, fraud, or coercion under § 1591(a)(1). *See United States v. White*, 706 F. App'x 195 (5th Cir. 2017). The United States Court of Appeals for the Fifth Circuit dismissed his appeal on December 14, 2017, on the ground that he had waived by inadequate briefing the sole issue he raised. *See id.* The Supreme Court denied his petition for a writ of certiorari on June 11, 2018.

*See White v. United States*, 138 S. Ct. 2636 (2018).

**B.**     <u>**Substantive Claims**</u>

Movant's § 2255 motion states the following grounds for relief:

(1) [Movant's] Section 1952(a) conviction and resulting twenty-year sentence is illegal and must be vacated because the act committed, sex trafficking under 18 U.S.C. § 1591(a)(1) is not a crime of violence in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

(2) [Movant's] conviction under § 1952(a)(2) must be vacated, because he is actual [sic] innocent of § 1952(a)(2), due to the fact, § 1591(a)(1) is not a crime of violence.

(No. 3:18-CV-2561-N-BH, doc. 2 at 4-5.) Following a stay of the case, the Government filed a response on November 22, 2019. (*See id.*, doc. 18.) Movant filed a reply on December 11, 2019. (*See id.*, doc. 19.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring

5

[such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.   WAIVER

In his first ground for relief, Movant claims that his § 1952(a)(2) conviction and sentence are illegal because the predicate offense of sex trafficking of children or by force, fraud, or coercion under § 1591(a)(1) is not a crime of violence based on the ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*See* No. 3:18-CV-2561-N-BH, doc. 2 at 4; doc. 3 at 7-9.) The Government argues that this claim is barred by the waiver provision contained within Movant's knowing and voluntary plea agreement. (*See id.*, doc. 18, at 5-10.)

The plea agreement waiver in this case bars all claims on collateral review under § 2255 except for those that go to the voluntariness of Movant's guilty plea or the waiver, and those that go to the ineffectiveness of counsel. (*See* doc. 68 at 6.) The Fifth Circuit has held that, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). The exceptions have been those instances involving claims of ineffective assistance of counsel claims affecting the validity of the § 2255 waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *White*, 207 F.3d at 343 n.4). These exceptions and the types of claims preserved from the waiver are not applicable here.

In this action, Movant does not challenge the voluntariness of his guilty plea or the waiver of his right to appeal or otherwise challenge his sentence and conviction in a collateral proceeding

except in limited circumstances. Nor does he contend that his counsel was ineffective in his representation concerning the guilty plea or waivers. To the extent he argues in his reply brief that the waiver does not apply because his sentence on Count One exceeds the statutory maximum, his claim is without merit. The statutory maximum for a sentence describes "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *United States v. Bond*, 414 F.3d 542, 545-46 (5th Cir. 2005) (quoting *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005)) (internal quotation marks omitted). Because Movant's sentence of 240 months on Count One does not exceed the statutory maximum of 240 months for a conviction under § 1952(a)(2), his claim does not fall within the statutory maximum exception to his waiver. *See* 18 U.S.C. § 1952(a)(2)(B). Because Movant's claim falls outside the narrow exceptions to his waiver, he may not assert it in this § 2255 motion. Accordingly, he is not entitled to § 2255 relief and his claim should be denied.[4]

### IV. ACTUAL INNOCENCE

In his second ground for relief, Movant claims he is actually innocent of his conviction under § 1952(a)(2) because his predicate offense under § 1591(a)(1) is not a crime of violence. (*See* doc. 2 at 5; doc. 3 at 11-12.)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for habeas relief. *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). Even if a "truly persuasive" showing of

---

[4] Even if Movant had not waived the right to bring this claim in a § 2255 proceeding, the Fifth Circuit has rejected "the argument that [*Dimaya*] is by itself retroactively available on collateral review." *In re Hall*, 979 F.3d 339, 346 (5th Cir. 2020) (citing *Pisciotta v. Harmon*, 748 F. App'x 634, 635 (5th Cir. 2019) ("*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction . . . .") (per curiam)). Movant was sentenced prior to *Dimaya,* and he has not carried his burden to show that it is retroactively available to his case.

actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

Movant has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 383 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 624 (1998)). Movant does not claim that he is factually innocent of the conduct underlying his conviction, but instead argues that the conduct is legally insufficient to constitute a crime of violence under *Dimaya*. As discussed, he also waived any right he would have had to challenge in a collateral proceeding his conviction and sentence on the basis that the predicate offense is not a crime of violence under *Dimaya*. He has not demonstrated that he is entitled to § 2255 relief, and his claim should be denied.

## V. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (5th Cir. 2013) (citation omitted); *see United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 25, 2018 (doc. 2), should be **DENIED** with prejudice. The movant's letter request to expedite review of his case, received on December 10, 2020 (doc. 22), should be **DENIED AS MOOT**.

**SIGNED this 26th day of March, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE